FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 NOV -5 PM 2:56

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN D. JOHNSON, SR., #414-025 :
    Plaintiff
                                       :
    v.                         CIVIL ACTION NO. JKB-14-2513
                                       :
WEXFORD HEALTH SOURCES, INC.
    Defendant                :

## MEMORANDUM AND ORDER

Plaintiff, presently housed at the Dorsey Run Correctional Facility in Jessup, Maryland ("DRCF"), filed a civil rights complaint seeking money damages and surgery and alleging he is being denied appropriate treatment for back pain. Defendant Wexford Health Sources, Inc. ("Wexford"), has filed a motion to dismiss. ECF 6. Plaintiff requests additional time to respond. ECF 11. For reasons set forth herein, both motions shall be denied and plaintiff shall be granted an opportunity to amend his complaint.

### Standard of Review

Defendant Wexford, the prison health care provider under contract with Maryland's Department of Safety and Correctional Services, has filed a motion to dismiss alleging this court lacks jurisdiction over the subject matter of the complaint. The question of subject matter jurisdiction may be raised by the parties or the court, *sua sponte*, at any stage of the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008). Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear and decide the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

Upon a challenge to jurisdiction, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex. rel. Vuyyuru v. Jadhau*, 555 F.3d 337, 347 (4th Cir. 2009).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Evans*, 166 F.3d at 647. That is, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

If "a claim fails to allege facts upon which the court may base jurisdiction," the court may properly grant a motion to dismiss for lack of subject matter jurisdiction. *Davis v.*

*Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citation omitted). "Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits." *United States ex rel. Vuyyuru*, 555 F.3d at 347-48 (citation omitted). Alternatively, the court may "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns*, 585 F.3d at 192. As it appears that defendant's motion is based on a facial challenge to jurisdiction, a hearing does not appear necessary.

## Analysis

Defendant first contends that the complaint allegations are solely premised on medical negligence or malpractice and, at most, constitute a state tort claim. Defendant notes that prior to filing his federal lawsuit, plaintiff did not pursue such a claim with the Health Care Alternative Dispute Resolution Office, as required under Maryland law.[1] Defendant also notes that there is no diversity of citizenship, thus precluding the complaint from proceeding under this court's 28 U.S.C. § 1332 diversity jurisdiction. Each of these arguments is sufficient to defeat subject matter jurisdiction in this case if it were based on medical negligence or malpractice.

It is defendant's third argument – that the complaint alleges no violation of the United States Constitution or federal law – that this court finds unpersuasive. Plaintiff is proceeding pro se and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). While liberal construction does not absolve him from pleading a plausible claim, *see Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)), the undersigned finds that the allegations contained therein state an

---

[1] *See* Md. Code Ann., Cts. & Jud. Proc. 1, § 3-2A-01, *et seq.*

Eighth Amendment claim for failure to provide medical care. Plaintiff alleges that he has suffered serious back pain for a significant period of time. When a scheduled MRI could not be completed,[2] further inquiry into the cause and treatment of plaintiff's significant back pain was abandoned. More than six months has passed, and neither a rescheduled MRI nor referral to an orthopedist has occurred.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and scrutiny under the Eighth Amendment "is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003). In the context of denial of medical care, an Eighth Amendment violation arises when the actions of a defendant, or the failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Based on this standard, plaintiff has set forth a viable civil rights claim.

Plaintiff has, however, failed to name the specific medical care providers who are alleged to have denied him care. He shall be provided an opportunity to amend his complaint to specify which physicians and/or other health care providers have failed to respond to his back problem.

Accordingly, it is this _5_ day of _Nov._, 2014, hereby ordered:

1. Defendant's motion to dismiss (ECF 6) IS DENIED;

2. Plaintiff SHALL AMEND his complaint to name specific health care providers on or before December 12, 2014;

---

[2] It is unclear whether plaintiff was unable to tolerate a "closed" MRI or whether some other problem prevented the MRI from taking place.

4

3. Upon the filing of the amended complaint, defendant SHALL NOTIFY the court regarding service of process on the newly named defendants;

4. Plaintiff's request for an extension of time (ECF 11) IS DENIED as moot; and

5. The Clerk SHALL SEND a copy of this order to the parties and SHALL ALSO PROVIDE a courtesy copy of this order by way of electronic attachment to Attorney Joseph B. Tetrault of PRISM.

James K. Bredar
United States District Judge