IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN D. JOHNSON, SR., #414-025       :

       Plaintiff
                                 :

   v.                          CIVIL ACTION NO. JKB-14-2513
                                 :
WEXFORD HEALTH SOURCES, INC.
DR. KASAHUN D. TEMESGEN        :
DR. BOLAJI ONABAJO
                                 :
       Defendants

## MEMORANDUM

### Procedural History

Plaintiff, presently housed at the Dorsey Run Correctional Facility in Jessup, Maryland ("DRCF"), filed a civil rights complaint seeking money damages and surgery and alleging he continues to be denied necessary surgery to alleviate back pain. A motion to dismiss filed by defendant Wexford Health Sources, Inc. ("Wexford") (ECF No. 6) was denied and plaintiff was permitted to amend his complaint to name the specific health care providers who allegedly failed to respond to his back pain. ECF No. 12.

Plaintiff names two Wexford physicians, Dr. Kasahun D. Temesgen (DRCF's Medical Director) and Dr. Bolaji Onabajo (plaintiff's primary treating physician), in his amended complaint. ECF No. 14. Plaintiff states therein that he has repeatedly sought medical care for severe back pain since his June 28, 2013, arrival at DRCF, and that his condition has worsened. As a result, he has used a wheelchair since February of 2014. *Id.* An MRI performed on August 4, 2014, showed significant disc herniation. Plaintiff was examined by Dr. Charles Park, a neurosurgeon, on October 6, 2014. Dr. Park assessed L3- S1 spondylosis confirmed by MRI and indicated that if steroid injection did not provide relief, surgery would be required. *Id.*; ECF

No. 14-1.

In response, defendants Temesgen and Wexford move to dismiss the original and amended complaint on the basis of respondeat superior. All three defendants move for dismissal on grounds that plaintiff failed to allege any specific injury, argue that each is entitled to qualified immunity, and reiterate their claim that plaintiff's cause of action rests solely on a theory of medical negligence, requiring arbitration through Maryland's Healthcare Alternative Dispute Resolution Office ("HCADRO"). Defendants further assert they are entitled to summary judgment as the medical record belies plaintiff's claim that he was denied constitutionally adequate medical care in violation of the Eighth Amendment. ECF No. 19.

Plaintiff opposes these arguments (ECF No. 24), and defendants have filed a reply to plaintiff's opposition. ECF No. 27. The pending dispositive motion shall be resolved without need for a hearing, in conformity with Local Rule 105.6 (D. Md. 2014).

### Standard of Review – Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

1. Respondeat Superior

Plaintiff has named Wexford as a party to this action, presumably under the theory of vicarious liability known as respondeat superior. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983; *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F. Supp. 986, 990 (E.D. Va. 1991). Thus, Wexford is entitled to be dismissed from this lawsuit.

Dr. Temesgen's role as a party defendant is more problematic. Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Dr. Temesgen examined plaintiff on only one occasion. Plaintiff infers that delays regarding the scheduling of the MRI, steroid injection, orthopedic consultation, and scheduling of surgery are attributable to Dr. Temesgen's action (or inaction) in his role as Medical Director

at DRCF. If this is proven, Dr. Temesgen could be held liable. As this case will proceed to discovery, the court declines to dismiss Dr. Temesgen from suit at this time.

   2. Failure to Allege Actual Injury

"'The purpose of a Rule 12(b)(6) motion [to dismiss] is to test the sufficiency of a complaint.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (citation omitted). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts that plaintiff alleges are true, the complaint fails, as a matter of law, "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must "'accept[ ] as true the well-pled facts in the complaint and view[ ] them in the light most favorable to the plaintiff.'" *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011) (citation omitted).

Defendants contend they are entitled to dismissal of the case as a matter of law because they did not have a "culpable state of mind" or, alternatively, because plaintiff failed to allege any specific injury caused by the alleged deliberate indifference to his medical care. Plaintiff states the required surgery continues to be withheld and that he is in pain and must rely on a wheelchair for mobility. Culpability may be inferred, and actual injury is apparent. Dismissal of the complaint is therefore denied.

   3. Qualified Immunity

Defendants also claim entitlement to qualified immunity, citing *Filarsky v. Delia*, __ U.S. ___, 132 S. Ct. 1657, 1667-68 (2012). *Filarsky* overturned the denial of qualified immunity to an attorney who was retained by a city in California to assist in an internal investigation concerning a firefighter's potential wrongdoing. *Id.* at 1666. Defendants fail to demonstrate that *Filarsky* has been extended to contractual health care providers working in detention centers or correctional facilities, and the undersigned will not extend the holding in *Filarsky* based on the

record now before the court.  Thus, dismissal of plaintiff's original and amended complaint based on qualified immunity is denied.

    4.  Medical Negligence

To the extent plaintiff advances a medical malpractice claim, such claim would be subject to dismissal without prejudice.  Medical malpractice claims must first be presented to the Maryland HCADRO before a complaint may be filed in a court of law.  *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04 *et seq.*  Should plaintiff wish to seek damages based on medical malpractice, he is required under Maryland law to bring his medical malpractice claim before HCADRO as a condition precedent to filing a malpractice or negligence suit.  However, the mere possibility that plaintiff could also assert a claim of medical malpractice does not negate the existence of his viable claim under the Eighth Amendment.  Dismissal of plaintiff's claim pursuant to this argument of defendants is, therefore, denied.

## Standard of Review – Motion for Summary Judgment

"[S]ummary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Haavistola v. Community Fire Co. of Rising Sun*, 6 F.3d 211, 214 (4th Cir. 1993) (citations omitted).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is appropriate.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling on a motion for summary judgment, a court must "believe the evidence of the non-movant, and all justifiable inferences must be drawn in the non-movant's favor." *Estate of Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410, 412 (4th Cir. 1993) (citation omitted).

Prisoners are entitled to reasonable medical care. *Blanks v. Cunningham*, 409 F.2d 220, 221 (4th Cir. 1969) (citing *Hirons v. Director*, 351 F.2d 613 (4th Cir. 1965)). The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  In order to state a constitutional claim for denial of medical care a prisoner must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).  "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851.  Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of a deprivation devolve into an application of the subjective views of the judges deciding the question." *Strickler v. Waters*, 989 F.2d 1375, 1379-80 (4th Cir. 1993).  Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). The defendant alleged to

6

have acted with deliberate indifference to a serious medical need must "know of and disregard the objectively serious condition, medical need, or risk of harm." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3rd Cir. 1970)).

The medical records indicate that plaintiff has suffered serious back pain for a significant period of time and his condition has deteriorated, with numbness now extending to an arm. Even after plaintiff was given a wheelchair and individual prison housing, more time expired before diagnostic testing and referral to a specialist confirmed that surgery would likely be required if steroidal injection did not relieve plaintiff's symptoms. Several months passed before the steroidal injection was performed on January 9, 2015. Nearly five additional months have elapsed since the steroidal injection failed (ECF No. 24 at 9, 23), and surgery is not yet scheduled.

Accepting plaintiff's version of events as true, defendants denied and delayed prescribed follow-up care, including surgical intervention, for his serious medical needs despite his repeated efforts to have the prescribed care provided. Summary judgment shall be denied. A separate order directing appointment of counsel and setting preliminary deadlines follows.


May 26, 2015                                              _____/s/_____
                                                          James K. Bredar
                                                          United States District Judge